UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TONY ANTHONY DAY,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTIONAL HEALTH MANAGEMENT LLC, Health Care Provider (MCJ), individual and official capacity; MINNEHAHA COUNTY, Caretaker of MCJ, individual and official capacity; MINNEHAHA COUNTY JAIL, County Jail, individual and official capacity; and FEDERAL BUREAU OF INVESTIGATIONS, Jurisdiction of Detainee, individual and official capacity,<br><br>Defendants. | 4:26-CV-04014-RAL<br><br>OPINION AND ORDER SCREENING COMPLAINT UNDER 28 U.S.C. § 1915A |

Plaintiff Tony Anthony Day filed a pro se civil rights lawsuit while he was incarcerated at the Minnehaha County Jail.[1] Doc. 1. The Court granted Day's motion for leave to proceed in forma pauperis and directed Day to file an initial partial filing fee, Doc. 5, which Day timely paid.

## I. 1915A Screening

### A. Factual Background as Alleged by Day

The events giving rise to Day's complaint occurred while he was incarcerated at the Minnehaha County Jail as a pretrial detainee.[2] Doc. 1 at 5. On November 8, 2025, and November

---

[1] Day filed a notice of change of address informing the Court that he is now housed at the Roberts County Detention Center. Doc. 7.

[2] Because Day's complaint only alleges claims based on the issues Day experienced with his medication, see Doc. 1 at 5–6, this Court only includes facts that are relevant to those claims and

12, 2025, Day alleges that he received "Mixed Medication[.]"[3] Id. at 13. On November 8, 2025, Day alleges that he received a dose of Diclofenac in the morning and a dose of Meloxicam in the evening even though he was advised that the two medications should not be taken together. Doc. 1-1 at 4, 17. On November 12, 2025, Day received Diclofenac in the morning. Id. at 17. That evening, a med tech tried to give Day Meloxicam, which he refused. Id. at 4, 17. Day alleges that "Every Med Tech which issued [him] (Meloxicam) is at fault for Knowingly as Read out on the instructions That it is Warranted These two Medication are not to be taken together." Doc. 1 at 13. On November 26, 2025, Day put in a sick call request "For Spots in [his] Vision & Rash on hands & foot[] due to the mix Meds." Doc. 1-1 at 5; see also Doc. 1 at 6 (alleging that Day began "having vision eye problems, itchy peeling burning Rashes on [his] Hands, and Feet.").

In response to a grievance Day filed regarding his medication, Warden Mattson informed Day that lab work would be completed "to determine whether [Day] . . . had any adverse reaction[]" to the medications. Doc. 1-1 at 23. On December 4, 2025,[4] Day received the results from the bloodwork that was taken, which were "Normal for Kidney damage." Id. at 5. On December 9, 2025, the medical provider prescribed Day with "something to combat condition of mixed Meds that took place on 11-8-25 & 11-12-25." Id. On December 10, 2025, Day began to receive "Pain Relief Cream" to alleviate the "Rash (itch) from Mixed Meds." Id. at 6. On December 12, the amount of cream Day received was reduced, and on December 13, 2025, he

---

does not include the additional facts Day includes that do not appear relevant to his claims, Doc. 1-1 at 4–13.

[3] It appears that Day took both Meloxicam and Diclofenac on November 8, 2025, but that he only took Diclofenac on November 12, 2025, because he refused to take the Meloxicam. See Doc. 1-1 at 4, 17, 22–26. At some points in his complaint, however, Day appears to allege that he received both medications from November 8 through November 12. See, e.g., Doc. 1 at 5.

[4] There is an inconsistency in the dates in Day's account of events. Warden Mattson's response to Day informing him that labs would be drawn is dated December 5, 2025, Doc. 1-1 at 23, but Day claims that he received the test results from these labs on December 4, id. at 5.

stopped receiving the cream. Id. On January 8, 2026, Day requested cream for the rash and "itchy peeling hands & feet" he was experiencing as a result of the "condition Mixed Meds left [him] in." Id. at 13.

As injuries, Day claims that he "sustained Eye injuries to where [he] was seeing Parasite's [sic] Floating in [his] vision plus watery and tearing Eyes and also they where [sic] itchy Red[.]" Doc. 1 at 6. Day also claims that his toes, feet, and middle and pointer fingers on both hands were "peeling and itchy[.]" Id. Day alleges that he "still [has] not recieved [sic] any serious adequate care[.]" Id. As relief, Day requests "20 million dollars to settle This Malpractice claim out of court[,]" as well as a formal apology from "The Head of Correctional Health Management LLC[] for placing [his] well being in Harms way[.]" Doc. 1-1 at 19. More specifically, Day seeks $6 million from Correctional Health Management LLC, $6 million from the Minnehaha County Jail, $6 million from Minnehaha County, and $2 million from the Federal Bureau of Investigation. Doc. 1 at 6. Day also requests that "Every person . . . be Reprimanded downwardly in 'Salary/or demotion[.]'" Doc. 1-1 at 19.

**B. Legal Standard**

A court must assume as true all facts well pleaded in the complaint when screening under 28 U.S.C. § 1915A. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam). Civil rights complaints cannot

be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). If it does not contain these bare essentials, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985). Twombly requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" Twombly, 550 U.S. at 555 (citations omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory (citation omitted)). Under 28 U.S.C. § 1915A, the Court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). This Court will now assess Day's claims under 28 U.S.C. § 1915A.

### C. Legal Analysis

#### 1. Day's Claims

Day alleges violations of his Fourth, Sixth, Eighth, and Fourteenth Amendment rights. Doc. 1 at 4–5. As an initial matter, Day's complaint, however, lacks any cognizable Fourth or Sixth Amendment violation. See generally Doc. 1. For instance, Day does not allege any facts that would plausibly allege a cognizable Sixth Amendment claim, such as that he was denied a speedy trial or the right to an impartial jury. See generally id. Similarly, Day does not allege any facts related to a Fourth Amendment claim, such as that his right to be free from unreasonable

searches or seizures was violated. See generally id. Although pro se complaints are to be construed liberally, "they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). This Court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. Id. Therefore, any claims under the Fourth or Sixth Amendments that Day intended to allege are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

As for Day's claims under the Eighth and Fourteenth Amendments, this Court liberally construes Day's complaint as alleging a deliberate indifference to serious medical needs claim against each of the defendants. See Doc. 1 at 4–6. While a convicted inmate's deliberate indifference claim is evaluated under the Eighth Amendment, a pretrial detainee's deliberate indifference claim is evaluated under the Fourteenth Amendment. Davis, 992 F.2d at 152. Because Day alleges that he was a pretrial detainee at the time the events giving rise to his complaint occurred, Doc. 1 at 5, his deliberate indifference claim is evaluated under the protections of the Fourteenth Amendment. Smith-Dandridge v. Geanolous, 97 F.4th 569, 575 (8th Cir. 2024) (citation omitted). But because the Eighth Circuit has not established a different standard for this analysis, Day's deliberate indifference claim under the Fourteenth Amendment may be examined under the same deliberate indifference standard as Eighth Amendment claims by convicted inmates. Davis, 992 F.2d at 152–53.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's

needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. at 104–05 (footnotes omitted). "This conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Id. at 105. "[A] prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106. Allegations of negligence will not suffice, nor will mere disagreement with treatment decisions. Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (citing Est. of Rosenberg, 56 F.3d at 37). The deliberate indifference standard includes both an objective and subjective component. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997)). The plaintiff "must demonstrate (1) that [he] suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." Id. (citing Coleman, 114 F.3d at 784).

**2. Defendants Alleged to Have Behaved with Deliberate Indifference**

**a. Minnehaha County Jail**

Day names the Minnehaha County Jail as a defendant. Doc. 1 at 4. But "county jails are not legal entities amenable to suit." Owens v. Scott Cnty. Jail, 328 F.3d 1026, 1027 (8th Cir. 2003) (per curiam); see also De La Garza v. Kandiyohi Cnty. Jail, 18 F. App'x 436, 437 (8th Cir. 2001) (per curiam); Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992). Because Minnehaha County Jail is not an entity amenable to suit under § 1983, Day's Fourteenth Amendment deliberate indifference claim against the Minnehaha County Jail is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

**b. Correctional Health Management**

Day sues Correctional Health Management (CHM) in both its individual and official capacities and seeks both monetary damages and injunctive relief. Doc. 1 at 3, 6; Doc. 1-1 at 19. Under § 1983, a corporation cannot be held vicariously liable for the acts of its employees. Burke v. N.D. Dep't of Corrs. & Rehab., 294 F.3d 1043, 1044 (8th Cir. 2002) (per curiam) (citing Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975–76 (8th Cir. 1993)). "[A] corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies. The proper test is whether there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983." Sanders, 984 F.2d at 975–76 (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690, 694 (1978)).

"[T]o prove a policy, custom or action, [the plaintiff] must show 'a continuing, widespread, persistent pattern of unconstitutional misconduct'" by the corporation's employees. Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 591 (8th Cir. 2004) (quoting S.J. v. Kansas City Mo. Pub. Sch. Dist., 294 F.3d 1025, 1028 (8th Cir. 2002)). A § 1983 complaint need not "specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss." Id. (citing Doe *ex rel.* Doe v. Sch. Dist., 340 F.3d 605, 614 (8th Cir. 2003)). But the complaint must still include some allegation, reference, or language that creates an inference that the conduct resulted from an unconstitutional policy or custom. Id.; see also Doe, 340 F.3d at 614 ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom.").

Day references case law discussing the standard for establishing liability based on a policy or custom. See Doc. 1-1 at 1–3. But Day provides no facts supporting the existence of a CHM policy or custom that resulted in the violation of his rights. See generally Doc. 1; Doc. 1-1.

Instead, Day alleges that he was given "Mixed Medication" on two occasions. Doc. 1 at 13. But this does not rise to the level of "a continuing, widespread, persistent pattern of unconstitutional conduct" which is required to show the existence of a policy or custom. Crumpley-Patterson, 388 F.3d at 591; see also Ball-Bey v. Chandler, 415 F. Supp. 3d 884, 895 (E.D. Mo. 2019) (providing that while "[t]he Eighth Circuit has not directly addressed the quantum of 'continuing, widespread, persistent' conduct a plaintiff must allege to satisfy the Iqbal standard in this context, . . . it has held that isolated incidents do not suffice and that allegations of 'many' incidents do establish liability." (citations omitted)). Therefore, Day's Fourteenth Amendment deliberate indifference claim against CHM for both injunctive and monetary relief is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

**c. Minnehaha County and "Care taker of MCJ"**

Day names "Minnehaha County" as a defendant and lists the job or title of this defendant as "Care taker of MCJ[.]" Doc. 1 at 3. It is not clear from this statement whether Day intended to name Minnehaha County itself as a defendant, or whether he intended to name an individual employed at the Minnehaha County Jail as a defendant. Out of an abundance of caution, this Court will evaluate Day's complaint as if it alleged a Fourteenth Amendment deliberate indifference claim against both Minnehaha County and an individual employed by the jail.

Beginning with Day's claim against Minnehaha County, "[a] political subdivision may not generally be held vicariously liable under section 1983 for the unconstitutional acts of its employees." Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). Instead, "[l]iability for a constitutional violation will attach to a municipality only if the violation resulted from an official municipal policy, an unofficial custom, or a deliberately indifferent failure to train

or supervise an official or employee." Bolderson v. City of Wentzville, 840 F.3d 982, 985 (8th Cir. 2016) (citing Atkinson v. City of Mountain View, 709 F.3d 1201, 1214 (8th Cir. 2013)). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick v. Thompson, 563 U.S. 51, 61 (2011). To establish governmental liability premised on an unofficial custom rather than an official policy, a plaintiff must allege facts to support a finding of "a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees" and "deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct[.]" Brewington v. Keener, 902 F.3d 796, 801 (8th Cir. 2018) (quoting Corwin v. City of Indep., 829 F.3d 695, 700 (8th Cir. 2016)). Lastly, "[i]n limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." Connick, 563 U.S. at 61. "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." Id. at 61–62 (citation omitted). Because "deliberate indifference is a stringent standard of fault," a plaintiff must show that "a municipal actor disregarded a known or obvious consequence of his action." Id. at 61 (citation modified).

Although Day need not "specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss[,]" Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 591 (8th Cir. 2004), his complaint must, at a minimum, allege facts that "would support the existence of an unconstitutional policy or custom[,]" Doe ex rel. Doe v. Sch. Dist. of City of Norfolk, 340 F.3d 605, 614 (8th Cir. 2003).

As this Court mentioned above, Day includes case law discussing the standard for establishing liability based on the existence of a policy or custom. See Doc. 1-1 at 1–3. But as with his claim against CHM, Day fails to allege that Minnehaha County had a policy or custom that resulted in the violation of his rights. See generally Docs. 1, 1-1. Here again, Day's Fourteenth Amendment claim relates to two instances where he was provided "Mixed Medication[.]" Doc. 1 at 13. But these two isolated incidents are not enough to support the existence of a policy or custom. See Brewington, 902 F.3d at 801 (providing that a plaintiff must allege facts to support a finding of "a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees"). Neither is Day's vague and conclusory statement that "[t]he Medical Knowingly Knew of The Negligence, as well as the incompetence and Lacking to take full Responsibility for the action, of disregard for Policy, Custom, Practice, etc. etc." Doc. 1-1 at 18.

To the extent that Day intends to allege that Minnehaha County demonstrated deliberate indifference through a failure to train its employees, Day does not allege facts that show deliberate indifference. Day claims that Warden Mattson "properly investigate[d]" the issue. Doc. 1-1 at 19. Day also provides a message from Warden Mattson noting that Day was to receive testing to ensure that he had not experienced any adverse effects, and that the issue was "addressed with . . . medical personnel to ensure proper medication delivery in the future." Id. at 23; see also Connick, 563 U.S. at 61 ("A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train."). Because Day has failed to allege the existence of a policy or custom or a deliberately indifferent failure to train, his Fourteenth Amendment deliberate indifference claim against Minnehaha County is dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Assuming that Day intended to name an employee of the Minnehaha County Jail as a defendant, "[a] suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Therefore, Day's claim against this Minnehaha County employee in his or her official capacity is, in effect, against Minnehaha County, the governmental entity employing this individual. As discussed above, however, Day has not alleged facts that would support a claim that Minnehaha County has executed an unconstitutional policy or custom. Thus, Day's Fourteenth Amendment deliberate indifference claim against "Care taker of MCJ" in this individual's official capacity is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

As for Day's Fourteenth Amendment claim against the "Care taker" in this individual's individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). In other words, "[t]o prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." White v. Jackson, 865 F.3d 1064, 1081 (8th Cir. 2017). Here, Day does not allege any specific conduct on behalf of this defendant, nor does he provide any facts describing how this defendant violated his constitutional rights. See generally Docs. 1, 1-1. While Day refers to a number of individuals that he alleges were negligent, see, e.g., Doc. 1 at 13, Doc. 1-1 at 6, none of these individuals are named as defendants, Doc. 1 at 1–4, nor does Day clarify that these individuals are the "Care taker" he identifies as a defendant. Therefore, Day's individual capacity Fourteenth Amendment deliberate indifference claim against the "Care taker of MCJ" is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). See Jackson v. Nixon, 747 F.3d 537, 543 (8th Cir. 2014) (noting that a plaintiff is

required "to allege that each defendant was personally involved in the deprivation of his constitutional rights[]" to state a claim under § 1983).

**d. Federal Bureau of Investigation**

Lastly, Day names the Federal Bureau of Investigation (FBI) as a defendant. Doc. 1 at 4. But other than listing the FBI in the case caption, Day makes no other reference to the FBI in his complaint. See generally Doc. 1; Doc. 1-1. To provide a defendant with notice as required by the Federal Rules of Civil Procedure, a plaintiff must do more than place a defendant's name in the caption. See Mencin v. City of Troy Police, No. 4:24-CV-852, 2024 WL 4370846, at *3 (E.D. Mo. Oct. 2, 2024) ("Simply placing a defendant's name in the caption is not enough to assert their responsibility."); Krych v. Hvass, 83 F. App'x 854, 855 (8th Cir. 2003) (per curiam) (holding that a plaintiff "failed to state any claim whatsoever" against defendants when "he merely listed these individuals as defendants in his complaint and did not allege they were personally involved in the constitutional violations."). Therefore, any claims Day intended to assert against the FBI are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

**3. Opportunity to Amend**

The Court provides Day with an opportunity to amend his complaint in order to identify providers unidentified in the complaint or name as defendants individuals who were specifically mentioned in the complaint, but not named as defendants. Day is cautioned that an amended complaint replaces an original complaint and "renders the original complaint without legal effect." In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005) (citing In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000)). Thus, any claim Day wishes to bring, against all defendants he wishes to name, must be included in an amended complaint, along with

the supporting factual allegations. Day must clearly state what each individual defendant did to violate his rights, and "attribute specific conduct to specific persons[.]" White v. Dayton, No. 11-CV-3702 (NEB/DJF), 2023 WL 21918, at *5 (D. Minn. Jan. 3, 2023). "Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered." Childress v. Conley, No. 1:24-CV-00195 JMB, 2024 WL 4564213, at *2 (E.D. Mo. Oct. 23, 2024) (citing In re Wireless, 396 F.3d at 928). If Day chooses to file an amended complaint, he must do so by filing his amended complaint **within thirty days of the date of this Court's screening order.** Failure to file an amended complaint will result in the dismissal of his case without prejudice for failure to prosecute and failure to state a claim.

## II. Conclusion

Accordingly, it is

ORDERED that any claims Day intended to allege under the Fourth or Sixth Amendments are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that Day's Fourteenth Amendment deliberate indifference claim against the Minnehaha County Jail is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that Day's Fourteenth Amendment deliberate indifference claim against CHM is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that Day's Fourteenth Amendment deliberate indifference claim against Minnehaha County is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that Day's Fourteenth Amendment deliberate indifference claim against "Care taker of MCJ" in his or her individual and official capacities is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that any claims Day intended to allege against the FBI are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that any other claims Day intended to allege are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is finally

ORDERED that the Court delays 30 days in entering judgment of dismissal to allow Day time to amend his complaint. If Day chooses to file an amended complaint, he must do so **within thirty days of the date of this Court's screening order.** Failure to file an amended complaint within thirty days of the date of this Court's screening order will result in the dismissal without prejudice of Day's complaint without prejudice for failure to prosecute and failure to state a claim.

DATED October 27th, 2026.

BY THE COURT:

Roberto A. Lange

ROBERTO A. LANGE
CHIEF JUDGE